**LEE NATIONAL CORPORATION,**
**Plaintiff,**

**v.**

**KANSAS CITY SOUTHERN INDUS-**
**TRIES, INC., Defendant.**

**KANSAS CITY SOUTHERN INDUS-**
**TRIES, INC., Plaintiff,**

**v.**

**LEE NATIONAL CORPORATION et al.,**
**Defendant.**

**Nos. 70 Civ. 143, 70 Civ. 2706.**

United States District Court,
S. D. New York.

July 20, 1970.

Simpson, Thacher & Bartlett, by Eleanor M. Fox, New York City, for plaintiff.

Watson, Ess, Marshall & Enggas, by Landon H. Rowland, Kansas City, Mo., and Sullivan & Cromwell, by J. Marshall Wellborn, New York City, for defendant.

OPINION

TYLER, District Judge.

Plaintiff ("Lee National") applies to the court for costs, interest on the judgment awarded and attorney's fees. This follows the court's ruling in Lee National's favor in the dividend action, 70 Civ. 143, which was brought on by motion for summary judgment, and the dismissal of the interpleader action as improvidently granted, 70 Civ. 2706. Defendant ("KCSI") opposes the award of the sums asked by Lee National. For further factual background, see my opinion in Lee National v. KCSI, 314 F.Supp. 1009 (S.D.N.Y.1970).

■ 1. *Costs.* Lee National applies for costs under Rule 54(d), Fed.R.Civ. P., and 28 U.S.C. § 1920. The application for fees for court reporter ($101.-55), for exemplifications and copies of papers ($330.40), deposition costs ($956.-

80) and stenographic costs ($434.04) is granted. Lee National also applies for telephone, postage, taxicab, dining and travel expenses totaling $1,152.63. I do not read the statute or the rules to allow such items as costs. That portion of Lee National's application is denied.

■ 2. *Interest.* KCSI filed its interpleader action in Missouri in November, 1969. It filed with the court a bond for the amount of the dividends payable to the shares of which Lee National was record owner. As further dividends became payable to the owner of those shares, KCSI increased the bond to cover those amounts. From the day on which they became payable, KCSI has had control and use of the fund formed by the dividends less the premium it had to pay for the bond.

Having now been ruled entitled to that fund, Lee National claims the right to interest as the charge on KCSI's use of the fund. Lee National's application appears to come squarely within the principle of United States v. Eastern Air Lines, Inc., 366 F.2d 316, 321 (2d Cir. 1966):

"It is well established that a party who has had the use of disputed funds for a period of time must pay interest on that portion of the funds finally determined to belong to his adversary."

In reply, KCSI raises two other lines of cases. First, it turns to cases in which the stakeholder of a fund placed the fund in the custody of the court and in which no interest was charged on the fund. KCSI contends that that rule should cover all interpleader actions. The difference between those cases and the one at bar is obvious and important. When the stakeholder places the fund in the court, he does not have the use of the fund; but when a bond is filed, the stakeholder does have the use of the fund less the premium.

Second, my attention has been drawn to Aetna Casualty & Surety Co. v. B.B.B. Construction Corp., 173 F.2d 307 (2d

Cir.) cert. den. 337 U.S. 917, 69 S.Ct. 1158, 93 L.Ed. 1726 (1949), in which the Court of Appeals held that a stakeholder which was a Miller Act surety for a defaulting corporation and had timely filed its bond could not be held for interest on the fund. It may well be argued that the case at bar is similar in all important respects and that I should follow the rule of *Aetna.* I conclude, however, that later decisions of the Court of Appeals such as *Eastern Air Lines, supra,* lay down principles governed by equity and fairness which the Court of Appeals would find controlling if it were to re-examine this particular point today.[1]

The case at bar is, of course, more than an interpleader action; it includes an action for dividends. In the dividend action KCSI does not appear as a disinterested stakeholder but as Lee National's adversary. That fact strengthens Lee National's claims to interest on the fund which this court ruled KCSI had wrongly withheld from Lee National.

Lee National's application for interest is granted to the following extent. Interest at the rate of 7.5% (see Rock Transport Properties Corp. v. Hartford Fire Ins. Co., 312 F.Supp. 341 (S.D.N.Y. 1970)) is awarded on the amount of the dividends owing to Lee National less the cost of the interpleader bond to KCSI.

3. *Attorneys' fees.* Lee National asks for attorneys' fees. Earlier I opined that the interpleader action was vexatious litigation used as a tactical maneuver in the struggle for influence and control over KCSI.

That having been found, Lee National argues that it is within the equity power of this court to grant Lee National attorneys' fees. In support of its position, Lee National points to the broad dicta of Sprague v. Ticonic Nat. Bank, 307 U.S. 161, 59 S.Ct. 777, 83 L. Ed. 1184 (1939)[2] and Vaughan v. Atkinson, 369 U.S. 527, 82 S.Ct. 997, 8 L.Ed.2d 88 (1962).

In reply, KCSI invokes Fleischmann Distilling Corp. v. Maier Brewing Co., 386 U.S. 714, 87 S.Ct. 1404, 18 L.Ed.2d 475 (1967), a case as interesting for what it leaves unsaid as for the rules it pronounces. *Fleischmann* refers to *Sprague* and *Vaughan* without any suggestion of historic equity powers but rather classifies the situations in those cases as historic and limited exceptions to the American rule that "attorney's fees are not ordinarily recoverable in the absence of a statute or enforceable contract providing therefore". (at 717, 87 S.Ct. at 1406).

*Fleischmann* also lays out the underlying policies which find expression in the American rule. First, since the outcome of litigation is uncertain, one should not be penalized for prosecuting or defending a lawsuit; second, the awarding of attorneys' fees might unjustly discourage the poor from bringing suit; last, the difficulty of assessing costs accurately would be a burden to court administration.

I think neither the first nor the second rationale for the rule applies in this case. It is the very character of a vexatious suit that the outcome in litigation is certain and the bringing of such suits may properly be discouraged. This should apply equally to the rich and the poor; indigency is no license for harrassing one's neighbors.

The third rationale has more weight in the present case. As I have pointed out in my earlier opinion, Lee

---

1. Three years before deciding *Aetna,* the Court of Appeals had held the other way in Great Lakes Transit Corp. v. Marceau, 154 F.2d 623 (2d Cir. 1946). Thus, *Aetna* is the last case which the Second Circuit has decided on this issue, but it

does not represent the culmination of a long line of sturdy precedent.

2. "Allowance of [attorneys' fees] in appropriate situations is part of the historic equity jurisdiction of the federal courts." At 164, 59 S.Ct. at 778.

National v. KCSI, *supra*, this is a tangled web of litigation. In addition to the dividend action which Lee National began in this court and the interpleader action begun by KCSI in the Western District of Missouri and now transferred here, Lee National started two suits against directors and officers of KCSI in the District of Delaware which are apparently still open, Lee National Corp. v. Deramus, 313 F.Supp. 224, and Lee National Corp. v. Hawkinson, No. 3823, and finally there is a suit by KCSI against Lee National which is pending before the District Court for the Western District of Missouri. KCSI v. Lee National, Civil Action No. 17852–1. Depositions were taken which bear the caption of at least four of these suits, and the parties have submitted affidavits in which they dispute how the time of the attorneys is to be allocated between the five actions, many of which appear to have overlapping issues. In the circumstances of all this litigation, it would indeed be a heavy burden on the court to make a full and fair determination of reasonable attorney's fees in the two actions before this court.

Perhaps more importantly, this tangle of actions suggests that all the considerations of equity do not weigh clearly in favor of Lee National. Instead of fighting out its dispute with KCSI over the dividend fund in the Western District of Missouri where the interpleader was first brought, Lee National complicated the controversy by bringing suit in this court to enforce its rights to the dividend fund. True, Lee National was perfectly within its rights to bring the dividend action here, but its decision casts a shadow over its equitable claim for attorneys' fees.

*Fleischmann* makes it clear that the awarding of attorney's fees is a limited exception to the American rule. I lean to the view that a clearly vexatious suit in which the behavior of the harassed party was fully blameless would justify the award of attorneys' fees—i. e. that

such circumstances would constitute a worthy addition to the categories of cases in which such fees can be awarded on the basis of the rationales presented for the American rule in *Fleischmann*. See 6 Moore's Federal Practice § 54.77[2], Kiefel v. Las Vegas Hacienda, Inc., 404 F.2d 1163 (7th Cir. 1968). Looking at the pattern of litigation before me, I do not think such a situation exists here. KCSI's originally vexatious action has been sufficiently confounded by Lee National's willingness to multiply forums and suits to the point where I believe it would be improper to grant Lee National's application for attorney's fees in this case. In the exercise of equity discretion, Lee National's application for attorneys' fees is denied.

It is so ordered.