*1377 BALDWIN, Circuit Judge.
This appeal is from a judgment of the United States Claims Court[1] granting the request of Kay Manufacturing Company (Kay) for fees and expenses pursuant to the Equal Access to Justice Act (EAJA). 28 U.S.C. § 2412 (Supp. V 1981). We reverse.

Background

The action that generated fees and expenses was brought in accordance with the Renegotiation Act of 1951, 50 U.S.C.App. § 1211 et seq. (1976). In September, 1973, the Renegotiation Board ruled that Kay realized excess profits of $150,000 in 1969 from subcontracts for the machining of 105-mm cartridge case bases. Kay brought an action in the Court of Claims in December, 1973, seeking a determination that it had not realized any excess profits in 1969. Trial was held in 1978 after extensive pretrial discovery. The trial judge’s opinion on the merits, issued September 29, 1980, found that Kay had realized excess profits of $111,332. On review, the Court of Claims rejected the trial judge’s decision and held that the government failed to meet its burden of proving Kay’s profits were excessive. Kay Mfg. Co. v. United States, 676 F.2d 555 (Ct.Cl.1982). Kay’s subsequent request for fees and expenses pursuant to the EAJA was granted in part by the trial court. Both parties appealed.
At the trial on the merits, Kay made a prima facie showing of reasonable profits by comparing its 1969 profits to the profits of competitors. The government contended differences between Kay and its competitors made direct comparisons of profits between Kay and its competitors inappropriate. For instance, Kay did finishing work on steel material furnished by its customers while Kay’s competitors purchased the materials on which they worked. The government then attempted to prove Kay’s profits were excessive by a comparison of Kay’s profits in two historical base periods with its profits in 1969.
The trial judge found that differences between Kay’s operations during the base periods and the review year rendered inadequate the government’s base year comparison. Despite finding the government’s proof to be unpersuasive, the trial judge determined that Kay realized excessive profits by using hypothetical discussed at trial and assumptions made by the judge to alter the comparisons provided by Kay. The trial judge’s resort to hypothetical and assumptions to compensate for the differences between Kay and its competitors was an approach which may have been permitted by the Court of Claims decision in Major Coat Co. v. United States, 543 F.2d 97 (Ct.Cl.1976). Kay Mfg. Co., 676 F.2d at 566. In Major Coat, the Court of Claims stressed the need for the government to provide comparative evidence of the profits of companies similar to the reviewed company to prove excessive profits. The court explained Major Coat in its review of the Kay Mfg. Co. case as follows:
Because Major Coat imposed a stricter standard of proof than had been required previously, we [the Court of Claims] provided that “the court will undertake, however reluctantly, and only for a limited span of time, to engage in judgmental adjustments and reworkings of the data placed in the record in order to arrive at a finding of a reasonable profit of the renegotiated contractor — where the state of the evidence permits this to be done in a responsible manner, ...”
Kay Mfg. Co., 676 F.2d at 559 (emphasis in original). After reviewing the decisions which followed Major Coat, the Court of Claims announced that the limited span of time granted by Major Coat was at an end, making the trial judge’s adjustments and decision based on those adjustments, improper. Since the government failed to prove Kay’s profits for 1969 were excessive, the court entered judgment for Kay.
In this appeal, the government argues that Kay should recover nothing under the EAJA because the government’s position in *1378 the litigation was substantially justified. It also contends that no fees or expenses incurred before the effective date of the EAJA, October 1, 1981, can be recovered.
DISCUSSION
We first consider whether the EAJA applies to fees and expenses incurred before October 1, 1981, the effective date of that act. The government argues that sovereign immunity was not waived for fees and expenses incurred before October 1, 1981, because no specific statutory language or legislative history indicates Congress intended fees or expenses generated before October 1, 1981, to be recoverable.
The EAJA authorizes a court to “award reasonable fees and expenses of attorneys * * * to the prevailing party in any civil action brought by or against the United States * * * in any court having jurisdiction of such action.” 28 U.S.C. § 2412(b) (Supp. IV 1980). The act applies to “any adversary adjudication * * * and any civil action * * * which is pending on, or commenced on or after” October 1, 1981. 5 U.S.C. § 504 note (Supp. IV 1980). We read the latter provision of the EAJA as a clear directive from Congress making the EAJA applicable to fees generated before the effective date of the act as well as after that date. The touchstone for determining whether the act applies is whether the action was pending on October 1, 1981, not whether the services were rendered before or after that date. The statement that a statute applies to cases “pending” on its effective date means precisely that, and unless Congress indicates otherwise, the statute applies in full to all such cases.
Nothing in the Act or its legislative history indicates that Congress intended to distinguish between fees and expenses generated before or after October 1, 1981, in cases that were pending on that date. Congress made the act fully applicable to all pending cases. Although waivers of sovereign immunity must be strictly construed, the grant of authority to award attorney’s fees in actions pending on October 1, 1981, waives sovereign immunity to permit the award of fees and expenses incurred before the EAJA became effective.
We do not agree with the government’s contention that our analysis in Brookfield Construction Company v. United States, 661 F.2d 159 (Ct.Cl.1981), requires a different conclusion. In Brookfield, the issue was whether a contractor who elected to proceed under the Contract Disputes Act (CDA) could recover interest for periods of time the case was pending prior to the effective date of the CDA. The statute interpreted in Brookfield provides that interest shall run “from the date the contracting officer receives the claim pursuant to section 6(a).” 41 U.S.C. § 611. The statutory provision at issue in Brookfield did not clearly permit the recovery of interest for periods before the effective date of the CDA. It was contended, for instance, that the contractor’s claim could not be received “pursuant to section 6(a)” until the CDA was effective. The court in Brook-field therefore denied recovery of pre-CDA interest because the language of the statute was ambiguous and the legislative history did not indicate Congress anticipated the liability that would attend the award of pre-Act interest. No similar ambiguity is' present in the provision of the EAJA at issue here.[2]
Although the statute permits recovery of fees and expenses incurred before as well as after October 1, 1981, the EAJA permits recovery only when the government’s position in the litigation is not substantially justified. 28 U.S.C. § 2412(d)(1)(A) (Supp. V 1981). The trial court concluded that the position of the government was not substantially justified in light of the Court of Claims’ decision on review of the merits. The trial judge emphasized that the government’s comparison of Kay’s 1969 profits to *1379 base year profits was inadequate and that the government’s attack on Kay’s comparative data was an argument that the data was not meaningful rather than a refutation with contradictory data. The analysis of the trial judge was in error.
Justification for the government’s position at trial and on appeal must be measured against the law as it existed when the government was litigating the case, not against new law enunciated by the Court of Claims as a result of the appeal. Broad Avenue Laundry and Tailoring v. United States, 693 F.2d 1387, (Fed.Cir.1982). The government’s behavior, however, need not be reprehensible for fees and expenses to be awarded as suggested by the government. Under these standards the record shows that the government’s positions at trial and on appeal had a reasonable basis.
In the decision on Kay’s request for fees and expenses, the trial judge noted that the government may well and reasonably have believed Kay’s level of profits to be excessive. This statement alone does not establish the reasonableness of the government’s position, but it is one indication that there was a factual basis for the government’s position in the litigation. In support of the trial judge’s award of fees and expenses, Kay argues that the fundamental economic error made by the government was in viewing Kay as a. typical manufacturing company when in fact, it was a service rendering company only. Kay’s sales represented the value its services added to the materials. The typical manufacturing company competing with Kay, purchased the materials upon which it worked. Since Kay’s competitors purchased their materials, their profits included profits or markups on such purchases. Competitor’s profits were therefore higher than they would be if they reflected only the value of services performed in finishing the material.
The Court of Claims opinion on the merits of this case indicates that the government did not ignore this economic reality, rather it presented the best evidence it could in view of this circumstance. The Court of Claims said:
Defendant [the government] chose to use the “base years” comparison because it recognized plaintiff was unique in receiving customer furnished materials from Jarnberg instead of having to obtain the raw materials on the marketplace as did its competitors.
Kay Mfg. Co., 676 F.2d at 558, note 7. As this quotation demonstrates, the government did not ignore economic reality but instead submitted evidence it judged to be the most probative in view of the economic conditions. The government’s position at trial was further justified by case law allowing the use of comparisons similar to that proffered in this case to prove excessive profits. Gibralter Mfg. Co. v. United States, 546 F.2d 386 (Ct.Cl.1976) (comparison of contractor’s performance with his own performance in prior years); Camel Mfg. Co. v. United States, 572 F.2d 280 (Ct.Cl.1978) (comparison of contractor’s renegotiable business with his commercial business during the review period). The government therefore had a reasonable basis to pursue the case at trial.
On appeal, the government defended the trial court’s opinion even though the trial court relied on adjustments to Kay’s evidence. As the Court of Claims said when it decided the merits of this case, the adjustments made by the trial judge were apparently permissible under Major Coat. Kay Mfg. Co., 676 F.2d at 566. The government’s position in the appeal was also reasonably grounded in Court of Claims precedent.
Our conclusion that the government’s position in this case was substantially justified makes it unnecessary for us to consider other issues raised by the parties concerning the propriety of particular fees awarded or denied by the trial court.
For the foregoing reasons, the judgment of the trial court granting Kay’s request for fees and expenses is reversed.
REVERSED.

. Pursuant to order of this court dated October 4, 1982, Judge Yannello entered a judgment on October 8, 1982, corresponding to the decision recommended in this case.

. Our opinion in this regard is consistent with interpretations of several other courts: United States for Heydt v. Citizens State Bank, 668 F.2d 444 (8th Cir.1982); Photo Data, Inc. v. Sawyer, 533 F.Supp. 348 (D.D.C.1982); Wolverton v. Schweiker, 533 F.Supp. 420 (D.Idaho 1982); contra Allen v. United States, 547 F.Supp. 357 (N.D.Ill.1982).