Geoffrey P. ENGELS, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 519-77.

United States Claims Court.

March 28, 1983.

Paul A. Kiefer, Washington, D.C., with whom was Thomas H. King, Washington, D.C., of counsel, for plaintiff.

Richard W. Oehler, Washington, D.C., with whom were Asst. Atty. Gen. J. Paul McGrath, Washington, D.C., and Lt. Col. Bruce Houston, USAF, of counsel, for defendant.

## ORDER

KOZINSKI, Chief Judge.

Plaintiff filed this military pay claim in 1977, and the Court of Claims held defendant liable on May 5, 1982, 678 F.2d 173. The parties have stipulated damages and plaintiff now seeks costs and attorney's fees under the Equal Access to Justice Act.[1]

## ATTORNEY'S FEES

The Act entitles a prevailing plaintiff to an award of attorney's fees unless the United States can show that its position was substantially justified or that special circumstances make an award unjust. Our Court of Appeals has interpreted this standard as precluding an award where the position taken by the United States in the litigation was reasonable. *Broad Avenue Laundry & Tailoring v. United States*, 693 F.2d 1387, 1391 (Fed.Cir.1982).[2]

Here, the United States defended a decision by the Air Force not to promote plaintiff and, consequently, to release him from the service. Plaintiff argued that his non-promotion resulted from two adverse Officer Effectiveness Reports which had been coercively obtained, and by exclusion from his record of a favorable evaluation letter. Defendant did not dispute these defects in plaintiff's record but argued that they were harmless since plaintiff would not have been promoted anyway.

1. Plaintiff's application requests costs and fees under 28 U.S.C. §§ 2412(a) and (d)(1) only; the court's analysis is accordingly restricted to those subsections.

2. Contrary to defendant's tenacious assertions, the court holds that it has jurisdiction to award costs and fees under this Act. *Bailey v. United States*, 1 Cl.Ct. 69, 72, (1983) (WOOD, J.), *appeal docketed*, No. 83-837 (Fed.Cir. Mar. 15, 1983); *Greenberg v. United States*, 1 Cl.Ct. 406, 407, (1983) (KOZINSKI, C.J.).

Resolution of the case required two trials, a remand to the Air Force Board for Correction of Military Records, two opinions by the trial judge and an opinion by the Court of Claims appellate division. The correction board held that the defects in plaintiff's record did not justify setting aside the decision not to promote him. In reversing, the Court of Claims appellate division felt compelled to clarify the legal standards and burdens of proof applicable to this type of case. *See Engels v. United States,* 230 Ct.Cl. ——, 678 F.2d 173, 175–76 (1982). Its analysis of the issues was markedly different from that of the board and that of the trial judge. Given the unsettled state of the law prior to the court's elucidation, there was clearly a reasonable basis for believing that the board's decision was correct. Under these circumstances, there is no doubt that the government's defense of the case was reasonable and that award of attorney's fees under the EAJA is inappropriate. *Cf. Gava v. United States,* 699 F.2d 1367, 1371 (Fed.Cir.1983); *Kay Manufacturing Co. v. United States,* 699 F.2d 1376, 1381 (Fed.Cir.1983); *Broad Avenue,* 693 F.2d at 1392.

## COSTS

The EAJA permits an award of costs to the prevailing party without any special showing. 28 U.S.C. § 2412(a). This court makes such awards routinely. *Bailey,* 1 Cl.Ct at 77; *Greenberg,* 1 Cl.Ct. at 408. No reason appears for varying this practice and plaintiff, as the prevailing party, is therefore entitled to recover those costs permitted by section 2412(a).

In his application and addendum plaintiff lists six types of costs: (1) filing fees; (2) copying; (3) transcripts; (4) a witness' travel and lodging; (5) plaintiff's travel, meals and lodging; and (6) postage for mailing materials from plaintiff to counsel. Defendant objects to the final two items.

Section 2412(a) permits costs "as enumerated in section 1920" of title 28. The two challenged items are not listed in section 1920.[3] The Supreme Court has held, however, that courts may award costs not specifically enumerated in section 1920 although they must exercise "sparingly" their discretion to do so. *Farmer v. Arabian American Oil Co.,* 379 U.S. 227, 235, 85 S.Ct. 411, 416, 13 L.Ed.2d 248 (1964).

In light of this admonition, courts have not generally allowed as costs a party's travel and subsistence expenses or postage for transmitting materials to counsel. *See Hodge v. Seiler,* 558 F.2d 284, 287 (5th Cir.1977); *Dowdell v. City of Apopka,* 521 F.Supp. 297, 306 (M.D.Fla.1981); *Morrison v. Alleluia Cushion Co.,* 73 F.R.D. 70, 71–72 (N.D.Miss.1976); *Lee National Corp. v. Kansas City Southern Industries, Inc.,* 50 F.R.D. 412, 413 (S.D.N.Y.1970). *See also* Wright, Miller & Kane 10 Federal Practice and Procedure: Civil § 2678, at 229 (1973). No basis exists for making an exception here. Therefore, the challenged items of costs are denied.

## CONCLUSION

The application for attorney's fees is denied. The clerk is directed to tax costs, subject to the limitations noted above and in 28 U.S.C. § 1821.

IT IS SO ORDERED.

---

3. Section 1920 lists the following items of costs:

(1) Fees of the clerk and marshal;
(2) fees of the court reporter for the stenographic transcript necessarily obtained for use in the case;
(3) fees and disbursements for printing and witnesses;
(4) fees for exemplification and copies of papers necessarily obtained for use in the case;
(5) docket fees under 28 U.S.C. § 1923; and
(6) compensation of court appointed experts, interpreters and special interpretation services under 28 U.S.C. § 1828.