William C. CLARK and Palmer P. Clark

v.

The UNITED STATES.

No. 549–82T.

United States Claims Court.

Aug. 9, 1983.

William C. Clark, pro se.

Paul Wright, Washington, D.C., with whom was Asst. Atty. Gen. Glenn L. Archer, Jr., Washington, D.C., attorney of record for defendant. Maxine C. Champion, Dept. of Justice, Washington, D.C., of counsel.

## OPINION

LYDON, Judge:

Plaintiffs have made application for attorney fees and expenses under 28 U.S.C. § 2412, as amended by section 204 of the Act of October 21, 1980, popularly known as the Equal Access to Justice Act, Pub.L. No. 96–481, 94 Stat. 2327.[1] In this application, plaintiff seeks an award of $475 for attorney fees (19 hours at $25 per hour) and $60 for expenses (fee for filing complaint), or a total award of $535. Defendant opposes this application. Upon consideration of the submissions of the parties, and without oral argument, it is concluded that plaintiff's application for attorney fees and costs must be denied.

I.

Plaintiff in his complaint, filed October 26, 1982, sought entitlement to a sick pay exclusion of $5,200.00 under 26 U.S.C. § 105(d) of the Internal Revenue Code of 1954. Denial of this exclusion by the Internal Revenue Service (IRS), plaintiff claimed, caused him to overpay his Federal income taxes for calendar year 1976 by $2,122.00.

On July 1, 1974, plaintiff retired from Federal service on a regular (non-disability) annuity. At this time, under IRS regulations, employees eligible for both optional and disability retirement were encouraged to retire optionally, as did plaintiff, to avoid the extra time, expense and paperwork involved with disability retirement. This was good advice at that time since there was no difference in the benefits received, including tax treatment of said benefits. Subsequently, an income tax advantage was attached to disability retirement. To protect annuitants, like plaintiff, who retired before January 27, 1975, under the old IRS regulations, the IRS, effective April 9, 1975, issued new regulations and attendant procedures under which such annuitants could apply for the "sick pay" income tax exclusion. *See* T.D. 7352, 1975–1 Cum.Bull. 34. One of the procedures required by Treasury Regulations (Section 1.105–6), required the filing, by an annuitant interested in applying for the sick pay exclusion, of Form 5401 not later than April 15, 1977.

Plaintiff subsequently sought to avail himself of the sick pay exclusion on his 1976 Federal income tax return, typing thereon "Disability Retiree". The IRS disallowed his claim for the $5,200 sick pay exclusion on the ground that plaintiff, who retired before January 27, 1975 on a regular (non-disability) annuity, had failed to follow the procedure set forth in Section 1.105–6 of the IRS Regulations, including the filing of Form 5401 by April 15, 1977. Plaintiff

---

1. The plaintiffs are William C. Clark and Palmer P. Clark, husband and wife. The wife is a plaintiff only because she was party to the joint federal income tax return which generated this litigation. The facts germane to this matter involve only William C. Clark (hereinafter plaintiff). Plaintiff, is proceeding, *pro se* in this litigation.

makes no claim that he had filed Form 5401.[2]

Defendant asserts that owing to the restrictions affecting disability exclusion enacted in the Tax Reform Act of 1976 (Section 505(d), 90 Stat. 1568 (Oct. 4, 1976)), plaintiff did not, in fact, qualify for the sick pay exclusion at the time he filed his 1976 Federal income tax return on or before April 15, 1977. However, on May 23, 1977 the Tax Reduction and Simplification Act (Section 301(b), 91 Stat. 151) was enacted, which Act served to delay the effective date governing the new provisions of Section 105(d) of the October 4, 1976 Act, *supra,* thereby permitting plaintiff to qualify for the sick pay exclusion except for the requirements imposed by T.D. 7352, *supra,* one of which was to require the filing of Form 5401 no later than April 15, 1977. There was, to say the least, some confusion relative to the availability of the sick pay exclusion to annuitants, especially pre-January 27, 1975 annuitants, during this period.

Upon receipt of plaintiff's complaint, defendant, acting through the Department of Justice, consulted with the IRS on the matter, considered the facts and weighed them against the relevant law, and concluded that plaintiff had relied to his detriment upon existing law and regulations. In recognition of plaintiff's reliance in this regard, defendant deemed it inequitable to contest the litigation and resolved the matter by settlement before the submission of any answer to the complaint. Thus, issue was never joined in this case. Defendant's attorney prepared and sent to plaintiff's attorney a stipulation for entry of judgment of $2,122 as a tax refund and $79.34 as a return of the penalty previously paid, plus entitlement to interest thereon as provided by law. This executed stipulation was filed with the United States Claims Court on April 15, 1983, and judgment was entered pursuant thereto on April 18, 1983.

## II.

Plaintiff asserts that he is entitled to an award of attorney fees because he meets the statutory requirement of 28 U.S.C. § 2412(d)(2)(B) since his net worth did not exceed $1 million at the time he filed suit; that he was a "prevailing party", as required by 28 U.S.C. § 2412(d)(1)(B); and that the position of the defendant in this matter was not "substantially justified", as required by 28 U.S.C. § 2412(d)(1)(A), since the issue raised by the complaint was conceded by defendant without answer and a judgment in plaintiff's favor thereafter entered on a stipulation filed by the parties.

Defendant, in its opposition to plaintiff's application, raises a number of contentions. First, defendant contends that this court lacks jurisdiction under the Equal Access to Justice Act, *supra,* to award attorney fees and expenses. This argument has previously been rejected, by this court. *See Greenberg v. United States,* 1 Cl.Ct. 406, 407 (1983); *Bailey v. United States,* 1 Cl.Ct. 69, 74 (1983). As matters now stand, this court has jurisdiction to make such awards. *But see Ellis v. United States,* 711 F.2d 1511 at p. 1574, n. 3 (Fed.Cir.1983).

Second, defendant, noting the *pro se* status of plaintiff, an attorney, contends that, in the event plaintiff is held entitled to an award of attorney fees, he should only recover the actual costs he incurred. Plaintiff responds that he is an attorney representing himself as a litigant and that, under such circumstance, nothing in the Equal Access to Justice Act, *supra,* or its legislative history precludes his eligibility for an

2. Plaintiff contends that Section 1.105-6 of the IRS Regulations did not apply in his circumstances since they did not apply to disability annuitants under Civil Service Retirement Laws. Plaintiff had, within one year of his non-disability retirement on July 1, 1974, filed an application with the United States Civil Service Commission which resulted, on or about April 20, 1976, in a change in his retirement status from non-disability to disability retroactive to the commencing date of his annuity, *i.e.,* July 1, 1974. It is an open question whether plaintiff was, under the circumstances, required to submit Form 5401 before being entitled to claim the sick-pay exclusion at that time. It would be unreasonable, in any event, to view the IRS's position as indefensible on the basis of the submissions presently before the court.

award of attorney fees if he otherwise meets the requirements of the Act for such an award.[3] It is not necessary to decide this question since the matter can be, and is, disposed of on another ground.

Third, defendant contends that if plaintiff's claim for attorney fees rests on 28 U.S.C. § 2412(b), plaintiff is not entitled to recover because he has not shown that defendant acted in bad faith in its processing of plaintiff's income tax return. Plaintiff stresses he is not seeking an award of fees under the common law or charging the defendant with bad faith. It is not necessary to consider this contention by defendant because it is clear from the submissions that plaintiff's application for attorney fees is grounded on 28 U.S.C. § 2412(d)(1)(A), despite the inadvertent reference to 28 U.S.C. § 2412(b) in plaintiff's application.

■ Finally, defendant contends that with respect to any claim for an award of attorney fees under 28 U.S.C. § 2412(d)(1)(A), plaintiff is not entitled to recover because the government's litigation position was substantially justified. This contention provides the basis for disposition of plaintiff's application for attorney fees and expenses.

The issue, which is deemed dispositive of plaintiff's application for attorney fees and expenses is whether the standard by which substantial justification must be measured is the litigating position taken by the Department of Justice or the prelitigation position taken by the IRS.[4] The United States Court of Appeals for the Federal Circuit has held that the position to which the Equal Access to Justice Act refers in Section 2412(d)(1)(A) is the position the United States takes in court proceedings and not the position taken in administrative proceedings. *Ellis v. United States, supra,* at p. 1575. *Broad Avenue Laundry & Tailoring v. United States,* 693 F.2d 1387, 1390–91 (1982); *Gava v. United States,* 699 F.2d 1367 (1983). That holding is controlling on this court.

It is clear that the government's litigating position in this case was reasonable. It did not answer the complaint, but after ascertaining the facts and researching the law, agreed to the entry of judgment in favor of plaintiff by way of stipulation. Defendant did not attempt to litigate the matter but instead conceded the liability issue. *Compare Ellis v. United States, supra,* at p. 1577. In proceeding in this fashion, defendant acted in a commendable manner.

It is concluded that the government's litigating position in this case was substantially justified and this finding serves to require denial of plaintiff's application for attorney's fees. *See Greenberg v. United States, supra,* 1 Cl.Ct. at 408 (1982); *Grace Baptist Church v. United States,* 1 Cl.Ct. 258, 261 (1982). *Bailey v. United States, supra,* 1 Cl.Ct. at 76.

■ Plaintiff's application for costs, a discretionary matter with the court that is not governed by the "substantially justified" test, is likewise denied. *See Hock v.*

---

3. Defendant suggests that by proceeding *pro se,* plaintiff incurred no costs attributable to retention of counsel, and as a retiree, plaintiff has not shown that prosecution of this suit intruded upon his occupation. Defendant sees support for its position in this regard in Freedom of Information Act cases. *See Maxwell Broadcasting Corp. v. Federal Bureau of Investigation,* 490 F.Supp. 254 (N.D.Tex.1980); *Burke v. Department of Justice,* 559 F.2d 1182 (10th Cir.1977). Defendant would give no consideration to the time plaintiff expended in legal research and complaint preparation since "plaintiff's profession is independent of his role as a litigant in this case; he seeks attorney fees, not as a lawyer in the usual course of practice, but as a party to the suit * * *."

4. Plaintiff argues it was the Internal Revenue Service (IRS) which disallowed plaintiff's amended return without substantial justification; that it was the IRS that failed to give proper consideration to plaintiff's appeal of that disallowance; and that plaintiff did not get the IRS' attention until the complaint was filed. Since IRS did nothing to support its original disallowance, it is apparent, plaintiff contends, that the IRS' position was not substantially justified. Plaintiff makes no contention, nor could he reasonably do so on the facts, that the government's litigating position was not substantially justified.

*United States,* 1 Cl.Ct. 416, 421 (1983). It was the customary practice of this court's predecessor court, the United States Court of Claims, to deny costs to either party. *Aparacor, Inc. v. United States,* 215 Ct.Cl. 596, 607, 571 F.2d 552, 558 (1978); *see also Timken Company v. United States,* 218 Ct.Cl. 633, 636, 590 F.2d 342 (1978). Prudential considerations make it appropriate to follow Court of Claims' precedents unless compelling reasons are present which support a rejection of such precedents. *See Connolly v. United States,* 1 Cl.Ct. 312, 321, n. 11, 554 F.Supp. 1250 (1982). No good reason has been advanced by plaintiff why the court should depart from that customary practice in this case. *But see Engels v. United States,* 2 Cl.Ct. 166, 167 (1983).

Plaintiff's application for attorney fees and expenses under 28 U.S.C. § 2412(d)(1)(A) is denied.