James A. BAILEY, Appellant,

v.

The UNITED STATES, Appellee.

Appeal No. 83–846.

United States Court of Appeals, Federal Circuit.

Nov. 18, 1983.

---

**3.** 5 U.S.C. § 7701(a)(1) provides in part:
An applicant shall have the right—

(1) to a hearing for which a transcript will be kept;

John A. Everhard, Falls Church, Va., argued for appellant. With him on the brief was Paul A. Kiefer, Washington, D.C.

Louis R. Davis, Washington, D.C., argued for appellee. With him on the brief were J. Paul McGrath, Asst. Atty. Gen., David M. Cohen, Director and George M. Beasley, III, Washington, D.C.

Before RICH, DAVIS, BENNETT, MILLER and SMITH, Circuit Judges.

BENNETT, Circuit Judge.

James A. Bailey appeals from a judgment of the United States Claims Court, 1 Cl.Ct. 69 (1983), denying his application for attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412 (Supp. V 1981). It was held that: (1) the Claims Court has jurisdiction to award fees under the EAJA in this case; (2) Bailey is not entitled to attorney fees resulting from his successful prosecution of his military pay claim because the "position of the United States" was "substantially justified"; and (3) Bailey is entitled to costs under the EAJA, 28 U.S.C. § 2412(a). The government originally appealed from the holding on the Claims Court's jurisdiction, but withdrew its appeal after the subsequent decision of this court in *Ellis v. United States,* 711 F.2d 1571 (Fed.Cir.1983). The only remaining issue is whether the Claims Court erred in holding that the litigating position of the United States in the United States Court of Claims was substantially justified, given the facts of this case. *We vacate that part of the judgment concerning substantial justification and remand with instructions.*

## OPINION

The underlying action for which Bailey seeks attorney fees and costs is a military pay claim in which Bailey successfully challenged the legality of his separation from the United States Air Force. According to his petition filed in the Court of Claims on May 15, 1980, Bailey was involuntarily released from active duty on June 30, 1975, as a Reserve commissioned officer after having been twice passed over for promotion to the temporary grade of major by selection boards that convened in September 1973 and October 1974. *See* 10 U.S.C. § 8303(d) (1976). Bailey alleged that the selection boards were not lawfully constituted in that each did not contain "an appropriate num-

ber" of Reserve officers as required by 10 U.S.C. § 266 (1976) and AFR 36–89 (1971). Bailey's petition was filed 5 months after the Court of Claims decision in *Stewart v. United States,* 611 F.2d 1356, 222 Ct.Cl. 42 (1979), where the court held that it was legal error for the 1975 selection board to have only one Reserve officer on a 25-member selection board. Bailey sought back pay, reinstatement to active duty, and correction of his military records.

The government filed its answer, denying Bailey's claim, on August 18, 1980. Approximately 22 months after Bailey filed his petition, the parties entered into a stipulation for entry of judgment. On March 19, 1982, the Court of Claims entered judgment for Bailey, awarding him virtually all the relief he had requested, in accordance with the stipulated settlement.

On April 16, 1982, Bailey filed an application in the Court of Claims for attorney fees and costs under the EAJA. Bailey's application is one of 34 applications filed, all involving essentially similar facts and issues of law. Bailey contended that he was a prevailing party within the meaning of the EAJA, that the position of the agency in the underlying military pay claim was not substantially justified, and that he was therefore entitled to the awards claimed. On October 1, 1982, the Federal Courts Improvement Act of 1982, Pub.L. No. 97–164, 96 Stat. 25 (1982), became effective, and Bailey's application was transferred under section 403(d) of the Act to the newly created United States Claims Court. The government opposed the application on the grounds that the Claims Court lacked jurisdiction to award fees and costs under the EAJA, the United States position was substantially justified, no fees generated prior to October 1, 1981, the effective date of the EAJA, could be awarded, and the fees claimed were excessive.

The Claims Court rejected the government's contention that it lacked jurisdiction to award attorney fees under the EAJA, but, on the merits, denied Bailey's application for attorney fees on the ground that the United States litigating position before the Court of Claims was substantially justi-fied.[1] As mentioned, the government dropped its appeal of the issue of jurisdiction in light of our decision in *Ellis v. United States,* where it was held that the Claims Court has jurisdiction to award fees under the EAJA in applications transferred from the Court of Claims to the Claims Court by section 403(d) of the Federal Courts Improvement Act, and decided by the Claims Court on or after October 1, 1982. 711 F.2d at 1574–75. The sole remaining issue on appeal is whether the Claims Court was correct in holding that the position of the United States was substantially justified.

The EAJA provides in pertinent part that a prevailing party shall recover fees and other expenses incurred by that party in any civil action against the United States "unless the court finds that the position of the United States was substantially justified . . . ." 28 U.S.C. § 2412(d)(1)(A) (Supp. V 1981). "Fees and other expenses" include reasonable attorney fees. 28 U.S.C. § 2412(d)(2)(A). As recognized by the Claims Court, the United States has the burden of proving that its position was substantially justified. 1 Cl.Ct. at 74; *see Ellis v. United States,* 711 F.2d at 1575 and citations.

On appeal, Bailey urges that this court take into consideration, for purposes of substantial justification, the Air Force's failure to act administratively with reasonable promptness as to the selection board issues previously decided in *Stewart,* thus forcing him to hire counsel and to bring suit on these issues and labor for the settlement which was later achieved. The Claims Court rightfully refused to consider any claim for counsel's effort on the administrative level because of our decision in *Broad Avenue Laundry & Tailoring v. United States,* 693 F.2d 1387 (Fed.Cir.1982), where it was held that the "position of the United

---

1. On appeal, the government does not contest the award of costs under 28 U.S.C. § 2412(a). Unlike section 2412(d), which governs the award of attorney fees, section 2412(a) contains no exception for substantial justification.

States," for purposes of questions of "substantial justification," refers to the government's position in court, not its position before an administrative review board. 693 F.2d at 1390–91.

Bailey asserts that *Broad Avenue* was wrongly decided, particularly in light of the recent decision of the U.S. Court of Appeals for the Third Circuit in *Natural Resources Defense Council v. United States Environmental Protection Agency,* 703 F.2d 700 (1983), where it was held that the "position of the United States" refers to the agency action which made it necessary for the party to file suit. *Id.* at 707. We are of course bound by the precedents of our own circuit, and Bailey has not requested en banc consideration, a necessary prerequisite to a departure from one of our earlier holdings. *South Corp. v. United States,* 690 F.2d 1368, 1370–71 (Fed.Cir.1982). Our inquiry is limited, therefore, to a determination of whether the government's position in the Court of Claims litigation was substantially justified.

On the issue of substantial justification, the Claims Court stated:

▌ When the "position of the United States" is viewed, as it must be, in the context of this litigation, what happened is that the government responded to plaintiff's petition, promptly undertook negotiations to settle the military pay claim set forth in that petition, offered plaintiff all of the relief he could reasonably have expected to gain by prosecution of the claim stated in the petition, and in fact afforded him, within a relatively brief and reasonable period of time, just that relief by way of an executed stipulation of settlement resulting in a court judgment.

1 Cl.Ct. at 76. The court concluded "that in all the circumstances defendant [the United States] settled this case (and those listed in Appendix A [33 plaintiffs with claims similar to Bailey's] ) with commendable candor and all due diligence, that its actions in doing so were eminently reasonable, and that its 'position' was therefore 'substantially justified' so as to preclude liability to plaintiff for attorney fees pursuant to section 2412(d)(1)(A)." *Id.*

▌ As stated in *Broad Avenue,* the test for substantial justification is one of reasonableness, and whether the position the United States took in litigation was reasonable "depends upon all the pertinent facts of the case." 693 F.2d at 1391. *See also Ellis v. United States,* 711 F.2d at 1575–76, and *Gava v. United States,* 699 F.2d 1367, 1370 (Fed.Cir.1983). Our difficulty in the present case centers upon the lack of a factual basis on which to review the Claims Court's conclusion that the government's position was reasonable. If that conclusion was based upon the assumption that the period of time between the filing of the petition and the stipulated settlement, 22 months, is reasonable per se, we cannot agree. After the Court of Claims decision in *Stewart v. United States,* the liability of the United States for a separation based upon the actions of an illegally constituted selection board would seem clear. It may well be that the government's conduct during this period was reasonable in light of the surrounding circumstances, but we can find in the record no indication of what these circumstances were that may have compelled such a lengthy delay.[2] As mentioned, it is incum-

---

**2.** In a footnote, the Claims Court states that "the time between May 1980 and March 19, 1982, [i.e., the period between the filing of the petition and the entrance of a judgment based upon the stipulated settlement] was essentially devoted to reaching a conclusion within the Department of Defense how *Bailey* (and other cases) should be resolved, and to successful negotiations resulting in the entry of judgment on stipulation for plaintiff in *Bailey*." 1 Cl.Ct.

at 75 n. 19. There is also the statement that the government "promptly" undertook negotiations to settle Bailey's claim. *Id.* at 76. Neither of the above asides is very illuminating in answering the question of why there was such a prolonged delay before settlement of Bailey's claim. It is not our task to posit a scenario supporting the trial court's conclusion that the government's delay in settling Bailey's claim was reasonable.

bent upon the United States to prove that its position was substantially justified.[3]

We therefore remand the case to the Claims Court to consider the very issue that the court did not reach, as evidenced by the following statement in the court's opinion:

Whether a failure for a lengthy period of time [after suit has been filed] to settle a claim can properly be equated with the assumption of a litigating position that is unreasonable and not "substantially justified" for section 2412(d)(1)(A) purposes may, however, be deferred to another time, and to another case fairly presenting that issue.

1 Cl.Ct. at 77.[4] Courts are, of course, traditionally hesitant to inquire into the give and take of the negotiations leading to a settlement. Furthermore, nothing in this opinion should be construed as discouraging settlement, particularly when it avoids unnecessary litigation. It is for the parties to decide what evidence should be presented on the issue of substantial justification.

Since we do not decide the issue of whether the United States position was substantially justified, it follows that we cannot reach the government's contentions that attorney fees generated prior to the effective date of the EAJA may not be awarded[5] and the fees claimed are not reasonable.

On remand, both parties should be afforded opportunity to present evidence relating to the conduct of the parties between the date Bailey filed his petition in the Court of Claims and the date of the stipulated settlement, and any other evidence deemed relevant in view of this opinion.

VACATED IN PART AND REMANDED.

---

3. Bailey apparently did not raise the issue of the lack of substantial justification in the government's litigating position until oral argument in the Claims Court. Rather, Bailey's chief contention was that the position of the Air Force prior to litigation was not substantially justified. As a consequence, the government should be given the opportunity to provide evidence on the issue of substantial justification regarding its litigating position before the Court of Claims.

4. On appeal to this court, the government does not challenge the proposition that the failure to settle a case promptly may be equated with a litigating position.

5. In *Kay Manufacturing Co. v. United States,* 699 F.2d 1376 (Fed.Cir.1983), we held that fees and expenses incurred before the effective date of the EAJA, October 1, 1981, could be recovered under the Act where the court action was pending on that date. *Id.* at 1378.