John C. **SHULL**

v.

The **UNITED STATES.**

No. 114–81T.

United States Claims Court.

Oct. 19, 1984.

John C. Shull, pro se.

Michael V. Marino, Washington, D.C., with whom was Asst. Atty. Gen. Glenn L. Archer, Jr., Washington, D.C., attorney of record for defendant.

## MEMORANDUM OPINION

LYDON, Judge:

Plaintiff, appearing *pro se*, has made application for attorney fees and expenses pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (Supp. V 1981). Defendant opposes this application. Upon consideration of the submissions of the parties, and without oral argument, the court concludes that plaintiff's application must be denied.

Plaintiff's petition (complaint) was filed in this court on February 27, 1981. This complaint was most sketchy, consisting of six very short one or two sentence paragraphs. In his complaint, plaintiff sought tax refunds for the years 1966, 1972 and 1973. Attached to the complaint, *inter alia*, was a copy of plaintiff's letter of August 7, 1977, to the Internal Revenue Service (IRS) Representative in Manila, Philippines, to which he attached his federal income tax returns for 1966—1975. He explained his failure to file these returns sooner on tax advice from the IRS, total loss of records due to evacuation from South Vietnam, and "the only recent response to [his] Freedom of Information Act queries * * *." In his August 7, 1977, letter, plaintiff sought, *inter alia*, tax refunds for the years 1966 ($92.86), 1972 (460.64) and 1973 ($1,033.76).[1] Also at-

---

1. Plaintiff in his complaint, however, sought to recover $10,000. Plaintiff in his submission ad-

tached to the complaint was a copy of a letter dated September 24, 1979, from the IRS to plaintiff advising that the refunds plaintiff requested were barred by the statute of limitations. The September 24th letter further advised plaintiff that his tax returns were due within the normal prescribed time for filing plus 180 days after he left the combat zone and since he left the combat zone in 1975, the returns he filed in August 1977 were not timely. Subsequently, on July 19, 1979, the IRS made an adjustment computation on plaintiff's 1972 tax return indicating that $45.36 of the $460.36 claimed was allowable. There is no record that this $45.36 was ever refunded to plaintiff. Plaintiff's combat zone extension was denied by the IRS for failure by plaintiff to provide the IRS with adequate verification in support thereof.

Defendant's answer to said complaint was filed on August 28, 1981. This answer asserted two affirmative defenses based on limitations and one affirmative defense based on the contention that plaintiff was not entitled to recover any part of the tax paid by his wife.

On March 15, 1984, pursuant to a stipulation for entry of judgment filed by the parties, the court entered a judgment wherein plaintiff recovered the amounts of $92.86 for 1966, $186.36 for 1972 and $1,033.76 for 1973. On April 9, 1984, plaintiff filed his application for attorney fees and expenses, seeking a total recovery of $4,906.45, which breaks down to $3,843.75 for attorney fees for plaintiff and another attorney, $810.85 for mailing and reproduction costs, and $251.95 for telephone/computer time/reference material.

 Plaintiff argues that the period between February 27, 1981, when he filed his complaint, and March 15, 1984, when the stipulation was filed and the judgment issued, a period of some 3 years, was unreasonably long for disposition purposes and thus the position of defendant in this litigation, for purposes of the Equal Access to Justice Act, *supra*, was not substantially justified. *See Bailey v. United States*, 721 F.2d 357, 360–61 (Fed.Cir.1983). Whether the defendant's litigating position was reasonable depends upon all the pertinent facts of the case. *Id.* 721 F.2d at 360. In this context, the court will now examine the pertinent facts.[2]

Plaintiff had served in the United States Army as a combat soldier in South Vietnam for some 9 years. Plaintiff completed his military service in 1972. Thereafter, plaintiff resided in the Philippines from 1972 until he returned to the United States some time in late 1983. While in the Philippines, plaintiff held a variety of civilian jobs. Accordingly, when plaintiff filed his complaint in this court in February 1981, he was residing in the Philippines and he remained there until late 1983.

The critical question, as it developed in this case, was whether the jobs held by plaintiff from the date of his discharge from the Army, on June 26, 1972, and thereafter were "in support of the Armed Services of the United States in a combat zone." The answer to this question was germane to the limitations defenses raised by defendant. Under section 7508 of the Internal Revenue Code, the period during which a qualifying individual is in a combat zone is disregarded in determining the time for filing a return or for the allowance of a refund.

vises that the $10,000 claim was "to cover opportunity costs lost because of this suit as well as all attorney fees and other direct costs incurred, including loss of consulting business and interest accumulation. Plaintiff, it should be added, is no stranger to litigating *pro se.*" *See Shull v. United States*, 228 Ct.Cl. 750–764 (1981).

**2.** Plaintiff's criticism of prelitigation activities of the Internal Revenue Service is immaterial and irrelevant. The only inquiry the court shall make is limited to the determination of whether defendant's position in the Court of Claims and/or Claims Court litigation was substantially justified. *Bailey v. United States*, 721 F.2d 357, 360 (Fed.Cir.1983). Plaintiff's reliance on contrary decisions from other circuit courts is misplaced, *see e.g., Rawlings v. Heckler*, 725 F.2d 1192, 1195–96 (9th Cir.1984), since this court is bound to follow the rulings of the Federal Circuit.

Defendant's attorney embarked on discovery shortly after filing its answer in order to determine plaintiff's job status and nature during the critical period mentioned above. Interrogatories were sent to plaintiff in the Philippines on a number of occasions (sets 1, 2 and 3). Defendant sought production of documents. These discovery efforts were not successful in establishing to defendant's satisfaction whether plaintiff served in a "combat zone" during the material time period. On August 5, 1982, defendant sought from plaintiff any documentation which would support his claim of service in a combat zone during the critical period in question. Defendant advised plaintiff that if his combat zone status could be substantiated, settlement of his claim was a possibility. On August 16, 1982, plaintiff advised defendant as follows:

As far as further substantiation goes, I cannot provide the essential information needed to the extent you all now desire—basically I am prohibited by law from doing so.

However, plaintiff did suggest to defendant, "for the sake of fairness" that the information sought was available to the government somewhere and he identified several sources which defendant's attorney should consult. Thereafter, defendant's attorney made good faith efforts to obtain said information from other government agencies, *e.g.*, Department of the Army, Department of State, Department of Defense, Defense Intelligence Agency, but as of February 1983 without success.

Unable to obtain information which would support plaintiff's claim that during the critical period he was employed in civilian jobs which were in support of the Armed Services of the United States in a combat zone so as to extend the statutory limitations period, defendant, pressed by an order from the court, moved for summary judgment on March 16, 1983. In this motion, defendant sought dismissal of plaintiff's complaint on limitations grounds since plaintiff had failed to establish by credible documentary evidence entitlement to a combat zone extension of time relative to the filing of his claims for refund.

On May 16, 1983, plaintiff filed a motion for judgment on the pleadings on the ground defendant had failed to file its motion for summary judgment on March 16, 1983, as directed by the court. By order dated May 17, 1983, the court denied plaintiff's motion, pointing out that defendant had indeed filed its motion on March 16, 1983, as directed by the court. In this May 17 order, however, the court noted that plaintiff had failed to respond to defendant's motion for summary judgment within the time provided by the Rules of the court and thereafter provided in pertinent part:

It is understood that plaintiff resides overseas and that this fact creates problems in meeting deadlines imposed by the court. It may well be that plaintiff failed to receive a copy of defendant's motion for summary judgment. Giving plaintiff the benefit of any doubt, a copy of defendant's motion for summary judgment is attached to this order. Plaintiff will have until July 1, 1983, to respond to this motion. If plaintiff requires additional time to respond, he is directed to seek an extension of time as provided in the rules of the court. A copy of the appropriate rule of the court is also attached to this order. Failure to respond to defendant's motion for summary judgment in a timely fashion may result in a dismissal of plaintiff's complaint for lack of prosecution, and/or on the basis of defendant's motion for summary judgment.

Plaintiff obtained extensions of time until November 16, 1983, at which time plaintiff responded to defendant's motion for summary judgment and cross-moved for summary judgment. In this response plaintiff attempted to justify his failure to timely file his tax returns. He further argued, unpersuasively it might be added, that defendant had waived any statutory return or refund filing requirement. Finally, plaintiff argued that he did serve in support of the Armed Services in a combat zone for purposes of Internal Revenue

Code section 7508 since he had been issued a Department of Defense Identification card during his employment as an accredited Multimedia Asia and Asian Services correspondent, as a Vietnam Regional Exchange employee, and as an employee of Computer Sciences Corporation during the period critical to the issue at hand. Plaintiff argued the issuance of the card to an individual was "the same as being supported by the military and is offered in exchange for support services (if non military)."

On December 26, 1983, plaintiff notified the court that his address had changed from Manila, Philippines to Annville, Pennsylvania.

On December 5, 1983, defendant moved for an extension of time to and including January 17, 1984, to respond to plaintiff's cross-motion for summary judgment on the ground, *inter alia*, that plaintiff's motion presented matters which required additional discovery and affidavits. Said motion was allowed over plaintiff's objection. On January 17, 1984, defendant moved for an additional extension of time until March 17, 1984, on the ground that recently acquired information suggested settlement possibilities. On March 15, 1984, a stipulation of settlement was filed with the court.

The above rather detailed account of proceedings in this case shows that there was a 3-year period involved in the disposition of this case. Some delay in disposing of this case can be attributed to the fact that plaintiff was located in the Philippines and defendant was located in Washington, D.C. Plaintiff in its application indicated that his overseas location caused problems for him. Much of the delay, however, was the result of unsuccessful discovery efforts by defendant to substantiate plaintiff's "combat

zone" civilian service. There is no basis for concluding that defendant acted in bad faith or was lacking in its discovery efforts. Plaintiff, who had the burden in the litigation of establishing entitlement to the combat zone extension so as to avoid the bar of limitations, was unable to provide substantiating documentation and information in support of his position. It was not until the combination of plaintiff's return to the United States in late 1983 and the filing of summary judgment motions by the parties, that evidence was uncovered which substantiated, to defendant's satisfaction, plaintiff's combat zone service and enabled the parties to set in motion the settlement process.

Defendant has the burden, in cases of this type, of establishing that the government's litigating position was substantially justified. In this regard, the test is one of reasonableness. All the government need do is demonstrate a reasonable basis for litigating the dispute.[3] *Ellis v. United States*, 711 F.2d 1571, 1575–76 (Fed.Cir.1983). Here, it was reasonable for the government not to settle this case if a legitimate basis existed that plaintiff's claim was without any legal basis. The issue in dispute was factual, not legal. Without any substantiating evidence that plaintiff was engaged in combat zone service there was no basis for extending the statutory limitations period regarding the filing of tax returns and the issuance of refunds. Defendant went to considerable time and effort in trying to locate such evidence. Plaintiff, it would appear, made less of an effort, being content to rely on the fact that pertinent records were lost in the evacuation from South Vietnam and ostensibly on secrecy restrictions. With

---

**3.** Whether plaintiff is a "prevailing party" within the purview of the Equal Access to Justice Act, 28 U.S.C. § 2412(b) (Supp. V 1981) may be an arguable question in this case. Plaintiff's claim was for $10,000. The case was settled for $1,212.98. Had plaintiff's claim in his complaint been only for the amount of his refund claim, which was $1,587.26, the case may well have been settled sooner as defendant seems to suggest in its brief (p. 7). If the case went to

decision on the existing motions for summary judgment, the question of whether plaintiff could establish that he served in a combat zone was an open question on the basis of materials then before the court with the burden to be on plaintiff in this regard. As to "prevailing party" generally see *Austin v. Department of Commerce*, 742 F.2d 1417 at p. 1419 (Fed.Cir.1984). However, the court need not, and does not rest its decision on this point.

the plaintiff located in the Philippines, defendant obviously wished to avoid, if possible, the necessity of a trial on the factual matter in dispute. Had defendant moved for summary judgment earlier while plaintiff was in the Philippines, and not continued its efforts to substantiate a settlement, the matter might well have been decided against plaintiff. Further, plaintiff's claim that the information sought from plaintiff by defendant for some 2 or more years was to be found somewhere in defendant's records since the jobs he held during the period in issue were in one way or another under the sponsorship of the government is unpersuasive. Had plaintiff prepared an affidavit and recited therein his status and work during the period in question at the time he file his complaint, there may have been no delay in disposing of the matter earlier. The point is plaintiff must share in any blame for the 3-year period it took to dispose of this litigation.

Since the government could not find substantiating evidence to support plaintiff's service in a combat zone, and since plaintiff himself refused to advance any such support, defendant was reasonable in holding plaintiff to his burden of proof until such time as the government found evidence supporting plaintiff's contention. *See Alger v. United States,* 741 F.2d 391 at pp. 394–395 (Fed.Cir.1984).

It is the court's opinion that the government's conduct during the period of litigation was reasonable under the unique and particular circumstances of this case as detailed above. *See Bailey v. United States, supra,* 721 F.2d at 360. *See also Gava v. United States,* 699 F.2d 1367, 1370–71 (Fed.Cir.1983); *Kay Mfg. v. United States,* 699 F.2d 1376, 1378–79 (Fed.Cir. 1983).

■ Defendant challenges plaintiff's right to recover attorney fees in any event since plaintiff is proceeding *pro se* in this case. Defendant advises that this question has not yet been answered by the courts

under the Equal Access to Justice Act. Defendant does, however, cite a number of cases which have held, in different contexts, that a *pro se* (non attorney) litigant is not entitled to an award of attorney fees for his time spent preparing and prosecuting his claim. *See Kuzma v. United States,* 725 F.2d 16 (2nd Cir.1984); *Barrett v. Bureau of Customs,* 651 F.2d 1087 (5th Cir.1981), *cert. denied,* 455 U.S. 950, 102 S.Ct. 1454, 71 L.Ed.2d 665 (1982). *See also Falcone v. I.R.S.,* 714 F.2d 646, 647–48 (6th Cir.1983), *cert. denied,* —— U.S. ——, 104 S.Ct. 1689, 80 L.Ed.2d 162 (1984). The matter, however, is not one-sided. *See Holly v. Acree,* 72 F.R.D. 115 (D.D.C.1976), *aff'd sub nom. Holly v. Chasen,* 569 F.2d 160 (D.C.Cir.1977). It is not necessary to decide this question, and other questions raised by defendant relative to specific aspects of the fees and expenses claimed by plaintiff, since the case is subject to disposition on another ground. *See Clark v. United States,* 3 Cl.Ct. 194, 197 (1983). To the extent plaintiff seeks to recover costs, *see Clark v. United States, supra,* 3 Cl.Ct. at 197–98.[4]

Since it has been concluded that defendant's litigating position was substantially justified, plaintiff's application for attorney fees and expenses under 28 U.S.C. § 2412(d)(1)(A) is denied.

---

**4.** The court rejects defendant's contention that this court is without authority to award attorney's fees and expenses under the Equal Access to Justice Act, *supra,* because the court is not a

"Court of the United States" as defined in 28 U.S.C. § 451 (Supp. V 1981). *See AABCO, Inc. v. United States,* 3 Cl.Ct. 700, 703 (1983).