**BRENER BUILDING MAINTENANCE
CO., INC., Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 62–84C.

United States Claims Court.

May 24, 1985.

Kenneth B. Weckstein, Washington, D.C., with whom was Epstein Becker Borsody & Green, P.C., for plaintiff.

Jane W. Vanneman, Washington, D.C., with whom were Acting Asst. Atty. Gen. Richard K. Willard, David M. Cohen and Sandra P. Spooner, for defendant.

## ORDER

KOZINSKI, Chief Judge.

Plaintiff sued to recover damages arising from defendant's termination of a purchase order in 1983. The purchase order did not have a termination for convenience clause and plaintiff sought to recover breach of contract damages in the amount of $13,-022.55 consisting of lost profits, termination settlement costs and "the cost of legal and administrative time in responding to the Navy's bad faith actions." Plaintiff also sought "punitive damages of $10,000 for defendant's bad faith."

The suit was filed on February 10, 1984. On November 13, 1984, after some discovery, the parties settled the case, with plaintiff to be paid $11,500. The settlement agreement expressly reserved plaintiff's right to file an application for attorney's fees under the Equal Access to Justice Act (EAJA). This application was filed on February 14, 1985.

Plaintiff's fee application reiterates in some detail the basis of its substantive claim, but only one paragraph deals with the issues relevant to its entitlement to attorney's fees under the EAJA. This paragraph states as follows:

15. Brener asserts that the position of defendant both before and during litigation was not substantially justified and was in bad faith. Defendant has no substantial justification for breaching its contractual obligations and for refusing to pay plaintiff its termination expenses.

Defendant has filed an opposition stating that certain particulars concerning a subcontract were unknown to it and that plaintiff was unable to provide satisfactory documentation. Defense counsel therefore took some discovery, including the depositions of plaintiff and its subcontractor. The case was settled shortly after the last deposition, approximately seven months after the answer was filed. Plaintiff has not replied, leaving undisputed defendant's characterization of what transpired from the time the answer was filed to the date of settlement.

■■■ On the basis of this record, plaintiff clearly is not entitled to recover attorney's fees under 28 U.S.C. § 2412(d). It is well established that only defendant's conduct during the course of the litigation before the court may form the basis of recovery under the EAJA. *E.g., Bailey v. United States*, 721 F.2d 357, 359–60 (Fed. Cir.1983); *Gava v. United States*, 699 F.2d 1367, 1370–71 (Fed.Cir.1983); *Broad Avenue Laundry & Tailoring v. United States*, 693 F.2d 1387, 1390 (Fed.Cir.1982). Insofar as plaintiff is basing its claim for relief on the government's conduct at the administrative level, the claim is beyond the court's jurisdiction. With respect to the government's handling of the case in this court, plaintiff's claim is unfounded. Pursuant to defendant's representation, which plaintiff has not disputed, defendant

had genuine doubts as to some aspects of plaintiff's claim and plaintiff failed to provide satisfactory documentation. Defendant therefore took some discovery and settled promptly after the discovery was completed. Plaintiff has offered nothing suggesting that defense counsel neglected the case or that settlement was delayed beyond the time reasonably necessary for defense counsel to learn the strengths and weaknesses of her client's position. The period of seven months from the filing of the answer to the signing of the settlement agreement certainly does not suggest undue delay and, in light of the other circumstances, appears to be an entirely reasonable period for resolving this case. *See Gava*, 699 F.2d at 1371; *Broad Avenue Laundry & Tailoring*, 693 F.2d at 1392. Insofar as plaintiff raises a separate claim under 28 U.S.C. § 2412(b) on the basis of "bad faith" in the conduct of the litigation, it has offered absolutely no evidence to support such a claim and the record discloses none.[1]

### Conclusion

The application for attorney's fees is denied.

---

*Paul Fire & Marine Insurance Co. v. U.S.*, 4 Cl.Ct. 762, at 765–66 (1984). However, the moving party must establish its entitlement to relief by showing that its opponent has acted in bad faith.

---

1. The court notes that an allegation of bad faith invokes 28 U.S.C. § 2412(b), the so-called American Rule for the recovery of attorney's fees. Unlike an application for fees under subsection (d) of section 2412, an application under subsection (b) may be brought by either party. *St.*