**James E. ALGER, et al., Plaintiffs,**

v.

**The UNITED STATES, Defendant.**

**No. 64–75.**

United States Claims Court.

Sept. 7, 1983.

---

## ORDER

NETTESHEIM, Judge.

Plaintiff has applied for attorneys' fees and expenses pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (Supp. V 1981) (the "EAJA"), and RUSCC 81(e).

## FACTS

This case concerned the efforts of 44 civilian guards employed by the United States Army at Fort Detrick, Maryland, to recover overtime for various activities associated with their duties between 1969 and 1975. Upon the parties' Stipulation for Entry of Judgment, the Clerk on June 6, 1983, pursuant to RUSCC 68, entered judgment against the United States in favor of 25 of the plaintiffs in the inclusive sum of $29,-129.85. Plaintiffs' application under the EAJA followed.

Plaintiffs originally presented their claims to the General Accounting Office (the "GAO") and to the commanding officer at Fort Detrick on May 9, 1973. On October 22, 1974, the GAO referred the claims to the Army. The petition in the predecessor United States Court of Claims was filed on March 7, 1975.

The petition, as amended, alleged plaintiffs' entitlement to additional compensation for a number of activities performed beyond their eight-hour shifts. Plaintiffs claimed that they were required to report to a central guardhouse at least 15 minutes prior to each shift to "check in, answer roll call, put on their uniforms, receive daily instructions, receive weapons and ammunition, undergo inspection and then proceed or be transported to their post of duty." A corresponding 15-minute work period occurred at the end of each shift.

On June 27, 1975, proceedings were suspended in the Court of Claims to permit completion of the administrative proceedings. The Army denied plaintiffs' claims as lacking substantiation on February 24, 1976. Plaintiffs' amended petition asserted that affidavits submitted to the Army on January 6, 1976, during the suspension, had sup-

Richard S. Harrell, Washington, D.C., for plaintiffs; William E. Sauser, McLean, Va., of counsel.

Frances L. Nunn, Washington, D.C., with whom was Asst. Atty. Gen. J. Paul McGrath, Washington, D.C., for defendant.

plied the requisite information relating to their employment. Defendant, however, propounded interrogatories to plaintiffs on July 19, 1977. No answers were forthcoming, whereupon defendant moved to dismiss for lack of prosecution on June 14, 1979, almost two years after the interrogatories had been served. The Court of Claims denied defendant's motion as "too severe a sanction," but required strict compliance with the rules of the court in the future. Partial answers covering 21 of the 44 plaintiffs were served by letter dated November 8, 1979. On September 30, 1981, defendant filed a second motion to dismiss for failure to prosecute. The Court of Claims granted the motion as to 23 plaintiffs who completely had failed to answer the interrogatories and also as to one of the 21 plaintiffs who had replied.

Present counsel appeared for plaintiffs on March 31, 1982. Thereafter, plaintiffs moved for partial summary judgment. The motion relied upon recent affidavits from several plaintiffs; a collation of plaintiffs' answers to interrogatories; and the 1976 letter of the Army denying plaintiffs' claims. Defendant responded with a combined opposition and a motion to dismiss. Defendant then made an offer of judgment which led to judgment without further proceedings.

## DISCUSSION

In support of their application, plaintiffs first contend that the issue in the case was always factual, not legal, because *Baylor v. United States,* 198 Ct.Cl. 331 (1972), settled the issue of entitlement for overtime pay for the types of activities alleged to have been performed.

Plaintiffs assert that the 1976 affidavits submitted to the Army conclusively established the facts of their overtime activities, rendering defendant without substantial justification in resisting payment. Alternatively, plaintiffs' answers to interrogatories supplied on November 23, 1979—albeit two years tardy—also established their factual entitlement. Plaintiffs also argue that no logical consistency exists between defend-

ant's assertion in its opposition to summary judgment that a factual issue existed as to whether the alleged work had been performed and defendant's statements in its offer of judgment that its pretrial investigation showed plaintiffs did report early and stay late. Moreover, the fact that the offer of judgment followed upon the heels of the conclusion of defendant's pretrial investigation implies that this investigation—which could have been performed earlier—prompted defendant's settlement decision. According to plaintiffs, the delayed pretrial investigation caused the delay in settlement and was not substantially justified.

■ The EAJA provides for award of attorneys' fees and expenses to "a prevailing party other than the United States" in any action unless the position of the United States "was substantially justified or ... special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The Claims Court has jurisdiction to award EAJA fees, at least for actions such as this case, which were pending on September 30, 1982, before the Court of Claims. *Ellis v. United States,* 711 F.2d 1571, 1574 (Fed. Cir.1983).

■ The Government's position before the court is the subject of inquiry, not the position taken during the administrative action. *Gava v. United States,* 699 F.2d 1367, 1371 (Fed.Cir.1983); *Broad Avenue Laundry & Tailoring v. United States,* 693 F.2d 1387, 1390–91 (Fed.Cir.1982). As a result, the frustration plaintiffs encountered before the GAO and the Army cannot be redressed here. The standard to be applied by this court is one of reasonableness in judging the Government's litigative position. *Gava,* 699 F.2d at 1370; *see Broad Avenue Laundry,* 693 F.2d at 1391.

■ The history of this litigation is extraordinary. Plaintiffs' present counsel is the fourth helmsman; defendant has passed its baton to eight attorneys. That plaintiffs' present co-counsel claim a total of $24,000 in fees and $555.00 in expenses,

against a settlement figure of $29,129.85— exclusive of legal fees generated by the EAJA application—indicates the magnitude of present counsel's effort, in part, to correct errors that were not attributable to defendant's conduct, *e.g.,* relieving plaintiffs from the dismissal order and substituting proper parties.

Plaintiffs themselves were dilatory in this proceeding until they acquired present counsel. However, the industriousness of present counsel cannot cure the damage already done. *See Baker v. United States,* No. 356–81C, slip op. at 4 (Cl.Ct. July 2, 1982) (citing *Frommhagen v. United States,* 216 Ct.Cl. 1, 5, 573 F.2d 52, 55 (1978) (indifference to further prosecution after filing can be a laches factor). Defendant filed two reasonably grounded motions to dismiss for want of prosecution during the four- and one-half year period between the propounding of the interrogatories and the Court of Claims' order granting the second dismissal motion in part and discharging the nonresponsive plaintiffs. These delays were attributable to plaintiffs.

Plaintiffs prevailed on claims narrower than those of their 1977 amended petition and 1976 affidavits. The claim that plaintiffs were required to "put on their uniforms" at Fort Detrick was eliminated by answers to interrogatories, which showed that most plaintiffs wore uniforms to work and were not required to dress at the base. The overtime actually concerned receipt and return of firearms and inspection. As such, the case is not identical with *Baylor,* because time for uniform changes was not involved in this case.

Since 1975 defendant had in hand an affidavit which, in connection with an admission in its answer filed in 1977, conceded the performance of authorized activities beyond the eight-hour shifts. Whether that work was subject to offset for duty-free lunch periods, however, was a factual issue that survived up through the filing of plaintiffs' summary judgment motion.

It would be unfair to charge the Government with maintaining an unreasonable litigating position because plaintiffs were put

to their burden of proof. This is not a case where the Government refused to investigate a claim before defending it in court. *See Vaughan v. Atkinson,* 369 U.S. 527, 82 S.Ct. 997, 8 L.Ed.2d 88 (1962). This is a case where the Government followed the pace set by plaintiffs and acknowledged the vulnerability of its position when pressed on summary judgment. That the Government's position was vulnerable does not render it unreasonable. In these circumstances defendant's position in this case was substantially justified.

### CONCLUSION

IT IS ORDERED, as follows:

Plaintiffs' application for attorneys' fees and expenses is denied.