EDWARD S. SMITH, Circuit Judge.
 

 In this attorney fees and costs case, appellant Morris Mechanical Enterprises, Inc. (Morris), appeals from a judgment of the United States Claims Court denying its application for attorney fees and other expenses incurred in prevailing on the merits in a Government contracts suit against the General Services Administration (GSA). We affirm.
 

 Issues
 

 We face three issues here: first, whether the Claims Court had jurisdiction under the Equal Access to Justice Act (EAJA)
 
 [1]
 
 to
 
 *498
 
 entertain the Morris’ fee and costs application; next, whether the Claims Court correctly examined the “position of the United States” in accordance with the EAJA; and finally, whether the Claims Court correctly applied the “substantially justified” test under the EAJA.
 

 Background
 

 The summary facts material to this appeal are:
 
 [2]
 
 Morris, a small business, contracted with GSA to supply a chiller and to perform certain “start-up” services on it. The delivery of the chiller was 231 days late for reasons beyond Morris’ control — a strike hampering its supplier, Airtemp. Even after delivery and again for reasons beyond Morris’ control, installation of the chiller was delayed. Finally, 6 months after delivery and promptly after installation, Morris provided the “start-up” services for the chiller, thereby completing its contract. Meanwhile, the United States had withheld $23,100 from Morris’ contract price — liquidated damages of $100 per day for 231 days — for failure to complete the work on time. Morris contested the withholdings of damages and received a judgment on the merits in its favor for $23,100, issued by the Claims Court in November 1982. 554 F.Supp. 433. Morris applied in December 1982 to the Claims Court for fees and costs under the EAJA and received a denial, the subject of this appeal, in March 1983.
 

 Opinion
 

 A.
 

 Initially we face a jurisdictional issue raised because of the transitional nature of this case. Morris originally filed in the Court of Claims in September 1980 for recovery of the withheld damages and a trial was held in February 1982. The decision on the merits was issued in November 1982, after the Claims Court, pursuant to the Federal Courts Improvement Act (Pub.L. No. 97-164, 96 Stat. 25), succeeded to the trial functions of the Court of Claims effective October 1,1982. Morris’ fee application followed shortly thereafter. The Government argues that the Claims Court, said not to be a “court of the United States,” lacks jurisdiction to entertain requests for fees and costs under the EAJA. We need not reach this issue now, however, because we find, as in our recent decision in
 
 Ellis v. United States, 711
 
 F.2d 1571 (Fed. Cir.1983), that this case constitutes a transition “matter,” commenced in the Court of Claims, carried over by statute to the Claims Court, and decided by that court after October 1, 1982.
 
 [3]
 
 The Claims Court therefore properly entertained the EAJA application and our appellate jurisdiction to review follows therefrom.
 

 B.
 

 We next face Morris’ contention that the Claims Court incorrectly construed the “position of the United States” under the EAJA as encompassing only the Government’s litigating position, as opposed to including the agency action which caused the litigation. We have rejected this argument in
 
 Broad Avenue Laundry & Tailoring v. United States,
 
 693 F.2d 1387 (Fed.Cir. 1982), again in
 
 Bailey v. United States,
 
 721
 
 *499
 
 F.2d 357, (Fed.Cir.1983), and do so once more here.
 

 C.
 

 Finally, we turn to the heart of Morris’ argument, which is that the Claims Court incorrectly concluded that the Government’s position in litigating the dispute about the chiller was “substantially justified” such that Morris could not be awarded fees and costs under the EAJA. Morris has argued persuasively the equities of its case — that a small business is particularly deserving of an award where, as here, the Government’s litigation against the small business has caused it to incur nearly as much in attorney fees and costs as it recovered in ultimately prevailing against GSA.
 
 [4]
 

 As stated in
 
 Broad
 
 Avenue, the test for determining whether the Government’s litigating position is substantially justified is one of reasonableness, depending upon all the pertinent facts in a given case. 693 F.2d at 1391. Bearing in mind this test, we cannot say that Judge Spector erred in concluding that the Government’s litigating position was substantially justified, viewing events as they occurred rather than with the benefit of hindsight. Until trial both parties had focused only on the issue of Morris’ responsibility for late delivery of the Airtemp chiller. The Government had contended that Morris had failed to give timely notice to GSA of the late delivery, and that Morris had as well known of the Airtemp strike prior to the issuance of the invitations for bids on the contract which Morris was awarded. The fact that Morris successfully refuted these contentions at trial does not mean, given all the circumstances, that the Government’s litigating position was not substantially justified. Moreover, as the court below points out, it was not until trial and in post-trial briefing that facts developed concerning events and delays unrelated to Morris’ delivery and concerning its later “start-up” services on the chiller.
 
 [5]
 
 Since prior to trial neither party had pursued these avenues, we cannot find that the Government’s view that a genuine dispute existed was unreasonable, and we, therefore, affirm Judge Spector's finding on substantial justification.
 

 Conclusion
 

 We affirm the Claims Court on the jurisdictional and legal issues presented herein for the reasons discussed above.
 

 AFFIRMED.
 

 [1]
 

 . Section 2412(d)(1)(A) of 28 U.S.C. (Supp. V 1981) provides generally that a court may
 
 *498
 
 award fees and other expenses to a prevailing party other than the United States “unless the court finds that the
 
 position of the United States
 
 was
 
 substantially justifíed.”
 
 (Emphasis supplied.)
 

 [2]
 

 . A complete statement of the facts is contained in the opinion below by Judge Spector. Cf.
 
 Morris Mechanical Enters., Inc. v. United States,
 
 1 Cl.Ct. 443 (1983).
 

 [3]
 

 .
 
 See
 
 § 403(d) of the Federal Courts Improvement Act (Pub.L. No. 97-164, 96 Stat. 25) and discussion thereof in
 
 Ellis v. United States,
 
 711 F.2d 1571 (Fed.Cir.1983). We note that in this case both Morris’ fee application and the Claims Court decision thereon occurred after October 1, 1982, whereas in
 
 Ellis
 
 the fee application and subsequent decision “straddled” that date. However, the Morris EAJA fee and cost application is so intertwined with the litigation on the underlying issues as reasonably to constitute one “matter” for purpose of § 403(d). To find otherwise would fly in the face of the congressional purpose behind § 403(d) — to provide “for the orderly disposition of cases pending on the effective date [October 1, 1982] of the bill.”
 
 Ellis
 
 at 1574, citing S.REP. NO. 275, 97th Cong., 2d Sess. 32 (1981),
 
 reprinted in
 
 1982 U.S.CODE CONG. & AD.NEWS 11, 42.
 

 [4]
 

 .
 
 See Morris Mechanical,
 
 1 Cl.Ct. at 445.
 

 [5]
 

 .
 
 Id.
 
 at 445-46.