EDWARD S. SMITH, Circuit Judge.
 

 In this attorney fees and expenses case, appellants, Alger,
 
 et al.
 
 (Alger), appeal from a judgment of the United States Claims Court denying their application for attorney fees and other expenses incurred in litigating and settling a suit for unpaid overtime against the appellee, the United States Government (Government). We affirm.
 

 Issues
 

 We face three issues: first, whether the Claims Court had jurisdiction under the Equal Access to Justice Act (EAJA)
 
 [1]
 
 to entertain Alger’s attorney fees and expenses application; next, what is this court’s proper standard of review of the Claims Court’s determination that the Government’s position was substantially justified, such that Alger would not be reimbursed for attorney fees and expenses; and third, whether under that standard this court should sustain that determination.
 

 Background
 

 Alger and other civilian guards employed by the United States Army sought to recover overtime for certain activities associated with their duties performed between 1969 and 1975.
 
 [2]
 
 Alger claimed that these duties encompassed the requirement that he and his colleagues report to a central guardhouse 15 minutes prior to, and 15 minutes following each shift for certain preparatory and close-out work. The Government claimed that any such work was offset by a 20-minute duty-free lunch period, so that only a de minimis amount of overtime was performed and no extra compensation was due.
 

 
 *393
 
 Prosecution of this case proceeded slowly, due to delays on both sides, until the Government made an offer of judgment in March 1983 covering 20 minutes of overtime for each guard during the period at issue. Alger accepted the offer and in June 1983 judgment against the Government was entered in an amount, over $29,-000, nearly equal to the amount of attorney fees and expenses requested below. The Claims Court denied Alger’s EAJA application for these fees on the ground that the Government’s litigating position had been substantially justified.
 

 Opinion
 

 1.
 
 Jurisdiction
 

 The Government contends that the Claims Court erred in asserting jurisdiction over Alger’s fee application because that court is not a “court of the United States” authorized to tax costs.
 
 [3]
 
 We need not address this contention, however, because of the transitional nature of this case. Alger originally filed his suit on the merits in the predecessor Court of Claims in 1975; he filed his EAJA application in the successor Claims Court in June 1983. We have held that, because the fee application is so intertwined with the litigation on the underlying issues, the application and original suit constitute one “matter” for purposes of the transitional provision of the Federal Courts Improvement Act of 1982 (section 403(d) of Pub.L. No. 97-164, 96 Stat. 25).
 
 [4]
 
 We so hold again; the court below correctly assumed jurisdiction.
 

 2.
 
 Standard of Review
 

 We take this opportunity to clarify what standard of review this appellate court must apply to the trial court’s determination that the Government’s litigating position was substantially justified so as not to warrant payment of fees under the EAJA.
 
 [5]
 
 As we have recently stated regarding our role as an appellate court: “[ljitigants do not
 
 sue
 
 in this court as they did in the Court of Claims and in the district courts, and do now in the latter and in the Claims Court; they
 
 appeal
 
 here.” (Emphasis in original.)
 
 [6]
 
 Accordingly, we are required by Rule 52(a) of the Federal Rules of Civil Procedure to apply the clearly erroneous rule to the trial court’s findings of fact, while we may fully review that court’s legal conclusions to determine whether they are correct as a matter of law.
 
 [7]
 

 Declaring whether the Claims Court’s “substantially justified” determination is a question of fact or of law is more easily said than done, however. The statute requires the trial court to award fees “unless the court
 
 finds
 
 that the position of the United States was substantially justified.” (Emphasis supplied.)
 
 [8]
 
 This court has cast the lower court’s task as one of determining whether the Government’s position was “reasonable depending] upon all the pertinent facts of the case.”
 
 [9]
 
 The legislative
 
 *394
 
 history states: “[wjhere the Government can show that its case had a reasonable basis both in law and fact, no award will be made.”
 
 [10]
 
 None of these sources is conclusive on this problem, nor is the case law, although one court has considered this arcane point with exceptional thoroughness. In
 
 Spencer v. NLRB,
 
 the D.C. Circuit held:
 
 [11]
 

 In sum, we conclude that, to the extent that trial judges’ rulings regarding the strength of positions taken in litigation by the United States are based upon assessments of the probative value of the evidence offered by the government, they should be reversed only if “clearly erroneous.”
 

 It is our view as well that the clearly erroneous standard is the appropriate rule for review of a trial court’s determination whether the Government’s litigating position is substantially justified under the EAJA, because that court has been intimately involved in judging the credibility of witnesses and weighing the evidence in the case on the merits. We qualify this holding by noting that in some instances determining whether the Government’s position was substantially justified may involve, at the trial level, a question or judgment of law, which this court should review as a legal conclusion.
 
 [12]
 
 With this caveat we proceed to the major issue.
 

 3.
 
 Substantial Justification
 

 Neither Alger nor the Government disputes the applicable holding in
 
 Baylor v. United States,
 
 198 Ct.Cl. 331, 334-35 (1972), that a duty-free lunch period must be credited against additional claimed com-pensable time. Hence the lower court’s determination that the Government’s litigating position was substantially justified involves no question of law for us to review. Instead, the issue turns on the underlying disputed facts: whether Alger and his colleagues reported early and stayed late, and whether they had duty-free lunch periods.
 

 Alger claims that the Government knew from its pretrial investigations that Alger and his colleagues reported early and stayed late, but that the Government unreasonably withheld acknowledgement of this point until its offer of judgment. The record shows, however, that confusion existed over what the guards were required to do before and after each shift
 
 (i.e.,
 
 whether they wore their uniforms to work or changed at the fort), such that the Government might be expected to pursue clarification of this.
 

 More importantly, Alger contends that no factual issue existed as to the duty-free lunch periods, contrary to the Claims Court’s finding,
 
 [13]
 
 and that the Government therefore had no reason to persist in litigation. However, this ignores the litigating history of this case.
 
 [14]
 
 In April 1977 the Government’s answer included as an affirmative defense a 20-minute offset to Alger’s claimed overtime because of an alleged duty-free lunch period. In July 1977 the Government propounded interrogatories covering the lunch break issue. When Alger finally answered these in November 1979, all but one of the responding guards
 
 *395
 
 stated that they ate lunch on duty. Nothing then happened in the case for nearly 2 years, when the Government moved in September 1981 for the second time to dismiss for failure to prosecute. It wasn’t until July 1982 that Alger, with current counsel, took the offensive by filing for partial summary judgment. Given this record, we find no clear error in the Claims Court’s finding that the Government’s position of wanting to put Alger to his burden of proof was not unreasonable.
 
 [15]
 
 Alger’s answers to the Government’s interrogatories, standing alone, are not irrebuttable evidence of that party’s case.
 

 Finally, Alger claims that the Government’s offer of judgment constitutes a concession of the disputed facts of an admission of the Government’s unreasonableness. This is not so, however; the offer of judgment represented the Government’s considered alternative to further litigation. In any event, nothing in the offer of judgment explicitly concedes whether lunch breaks were duty-free.
 

 Considering all of the record, we cannot find clear error in the Claims Court’s finding that the Government maintained a substantially justified litigating position in putting Alger and his fellow guards to their burden of proof. Accordingly, the Claims Court order denying Alger the attorney fee and expenses application under the EAJA is affirmed.
 

 AFFIRMED.
 

 [1]
 

 . Section 2412(d)(1)(A) of 28 U.S.C. (1982) provides generally that a court may award fees and other expenses to a prevailing party other than the United States "unless the court finds that the position of the United States was
 
 substantially justified."
 
 (Emphasis supplied.)
 

 [2]
 

 .
 
 See
 
 the opinion below for a more detailed statement of the facts.
 
 Alger v. United States,
 
 3 Cl.Ct. 246, 247-48 (1983).
 

 [3]
 

 .
 
 See
 
 28 U.S.C. §§ 1920, 451, 171-72, and 2412.
 

 [4]
 

 .
 
 Morris Mechanical Enters., Inc. v. United States,
 
 728 F.2d 497, 498 (Fed.Cir.1984),
 
 petition for cert. filed,
 
 52 U.S.L.W. 3892 (U.S. Apr. 23, 1984) (No. 83-1903).
 
 See also Ellis v. United States,
 
 711 F.2d 1571, 1574 (Fed.Cir.1983).
 

 [5]
 

 . This court has applied a standard of reasonableness in reviewing these types of determinations.
 
 Morris Mechanical,
 
 728 F.2d at 499;
 
 Bailey v. United States,
 
 721 F.2d 357, 360 (Fed.Cir.1983);
 
 Ellis,
 
 711 F.2d at 1575;
 
 Gava v. United States,
 
 699 F.2d 1367, 1370 (Fed.Cir.1983);
 
 Kay Mfg. Co. v. United States,
 
 699 F.2d 1376, 1379 (Fed.Cir.1983);
 
 Broad Ave. Laundry & Tailoring v. United States,
 
 693 F.2d 1387, 1391 (Fed.Cir.1982).
 

 [6]
 

 .
 
 Heisig v. United States,
 
 719 F.2d 1153, 1158 (Fed.Cir.1983).
 

 [7]
 

 .
 
 Id. See also:
 
 additional comments of Judge Nies,
 
 SSIH Equip. S.A. v. U.S. Int’l Trade Comm'n,
 
 718 F.2d 365, 379-83, 218 USPQ 678, 690-93 (Fed.Cir.1983), for excellent discussion of trial and appellate standards of proof and review of facts; and
 
 Milmark Servs., Inc. v. United States,
 
 731 F.2d 855, 857 (Fed.Cir.1984) re application of clearly erroneous rule to Claims Court factual determinations.
 

 [8]
 

 . 28 U.S.C. § 2412(d)(1)(A).
 

 [9]
 

 .
 
 Broad Ave.,
 
 693 F.2d at 1391.
 
 See also Ramos v. Haig,
 
 716 F.2d 471, 474 (7th Cir.1983), citing
 
 Broad Ave.
 
 and concluding that reasonableness is a question of fact to be reviewed under the clearly erroneous standard. Some circuit courts have applied the abuse of discretion standard.
 
 See, e.g., Hoang Ha v. Schweiker,
 
 707 F.2d 1104, 1105 (9th Cir.1983).
 

 [10]
 

 .
 
 Broad Ave.,
 
 693 F.2d at 1391; H.R.REP. NO. 1418, 96th Cong., 2d Sess. 10,
 
 reprinted in
 
 1980 U.S.CODE CONG. & AD.NEWS 4953, 4984, 4989.
 

 [11]
 

 .
 
 Spencer v. NLRB,
 
 712 F.2d 539, 564 (D.C.Cir.1983), cert.
 
 denied,
 
 - U.S. -, 104 S.Ct. 1908, 80 L.Ed.2d 457 (1984).
 

 [12]
 

 .
 
 Id.
 
 at 563.
 

 [13]
 

 .
 
 Alger,
 
 3 Cl.Ct. at 249. The Claims Court found that this factual issue "survived up through the filing of plaintiffs’ summary judgment motion.”
 
 Id.
 

 [14]
 

 . We reiterate that the “position” here at issue under the EAJA is the Government’s litigating position, as we have held in
 
 Broad Ave., supra.
 
 This would probably date from March 1977 in this case, when Alger filed an amended petition and the case ceased to be suspended for administrative proceedings. Alger is claiming fees only for a period from March 1982, when present counsel undertook the case. We have purposefully not considered Major Boyd's affidavit of May 1975 addressing the disputed factual issues, particularly the lunch break issue, since this document arguably belongs to the administrative phase of the case.
 
 See also Bailey,
 
 721 F.2d at 359-60.
 

 [15]
 

 .
 
 Alger,
 
 3 Cl.Ct. at 249.