**Steven BLAIR**

v.

**The UNITED STATES.**

No. 478–84C.

United States Claims Court.

April 11, 1986.

Howard J. De Nike, San Francisco, Cal., for plaintiff.

Van Teasley, with whom were Asst. Attys. Gen. Richard K. Willard, David M. Cohen and Thomas W. Petersen, Washington, D.C., for defendant. Lt. Mark S. Williams, Office of Judge Advocate General, U.S. Naval Reserve, of counsel.

## ORDER ON PLAINTIFF'S APPLICATION FOR ATTORNEY FEES

WHITE, Senior Judge.

This case having been concluded, the plaintiff has now filed with the court an application for attorney fees and expenses under the Equal Access to Justice Act (28 U.S.C. § 2412 (1982)). The defendant opposes the motion.

### Court Proceedings

On September 19, 1984, the plaintiff, Steven Blair, a former enlisted man in the Navy, filed in this court a complaint alleging that the Navy wrongfully separated him from the service, without any disability pay, on November 18, 1983, despite the fact that the plaintiff was suffering from a chronic, incurable condition known as Crohn's Disease. The complaint sought a judgment against the United States for "all medical retired pay and allowances" to which the plaintiff was entitled.

The defendant never filed an answer in the case. Instead, beginning November 19, 1984, the defendant, by motion, sought and obtained three successive stays of the court proceedings in order that the plaintiff might complete his efforts to obtain administrative relief from the Navy. The three stays were for 91 days, 91 days, and 120 days, respectively.

The next step in the court case was the filing by the parties on October 29, 1985, of a stipulation of dismissal, the plaintiff having in the meantime received from the Navy the relief that he had requested from the court. The complaint was dismissed by the court pursuant to the stipulation.

### Administrative Proceedings

The plaintiff enlisted in the Navy on June 18, 1979. During the plaintiff's enlistment, but while he was absent without leave from the Navy, the plaintiff was hospitalized for Crohn's Disease at Elko General Hospital, Elko, Nevada, on December 16, 1982.

On January 8, 1983, the plaintiff was transferred to the Naval Regional Medical Center in Oakland, California. On February 10, 1983, the Medical Board at the Center concluded that the plaintiff had Crohn's Disease, and that he had acquired the disease after the plaintiff's enlistment in the Navy.

The Medical Board at the Center referred the plaintiff's case to the Central Physical Evaluation Board (CPEB). The latter Board, on July 12, 1983, found the plaintiff to be physically unfit for active duty, but ineligible for disability pay because the plaintiff (according to the CPEB) incurred Crohn's Disease during an authorized absence from the Navy.

On September 1, 1983, pursuant to the plaintiff's request, the Regional Physical Evaluation Board heard the plaintiff's case, but made the same determination as the Central Physical Evaluation Board.

The plaintiff next submitted a rebuttal to the Navy Physical Review Council in Washington, D.C., on September 19, 1983. On October 20, 1983, the Navy Physical Review Council made the same determination as had previously been made by the Central Physical Evaluation Board and the Regional Physical Evaluation Board.

On October 20, 1983, the plaintiff, in effect, took an appeal to the Secretary of the Navy from the adverse decisions of the boards previously mentioned.

While the plaintiff's appeal to the Secretary of the Navy was pending, the plaintiff filed his complaint in this court on September 19, 1984. After the case was filed, but before the court took any action on the case, other than the granting of stays pursuant to motions from the defendant, an Assistant Secretary of the Navy on April 19, 1985, granted the plaintiff the relief requested by him. The parties thereupon filed with the court a stipulation of dismissal, and the complaint was dismissed.

The plaintiff then filed the pending application for attorney fees and expenses.

## Discussion

The United States Claims Court has jurisdiction under the Equal Access to Justice Act to award attorney fees and expenses in connection with cases commenced after October 1, 1982 (*Essex Electrical Engineers, Inc. v. United States*, 757 F.2d 247, 250–52 (Fed.Cir.1985)), as well as those cases initiated in the United States Court of Claims before October 1, 1982 (*Ellis v. United States*, 711 F.2d 1571 (Fed.Cir.1983)).

The Equal Access to Justice Act provides in relevant part that

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, * * * unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust. [28 U.S.C. § 2412(d)(1)(A) (1982).]

In passing upon the plaintiff's application for attorney fees and expenses, it is therefore necessary to consider, first, whether the plaintiff was the "prevailing party" in this case.

It appears that neither party prevailed over the other before the court. Actually, the case was never at issue before the court, as the defendant never filed an answer, and neither party ever asked the court to make any sort of substantive decision. The role of the court was limited to passing upon three unopposed motions by the defendant for stays of the court proceedings pending the completion of the administrative proceedings.

The parties' efforts to resolve the problem of the plaintiff's entitlement to disability pay were wholly expended in the administrative arena. The plaintiff did "prevail" in the administrative arena, as he was ultimately able to receive from the Navy the relief which he desired.

The Federal Circuit, however, has held that the Equal Access to Justice Act applies to civil actions in federal courts, and does not encompass administrative agency actions. *Broad Avenue Laundry & Tailoring v. United States*, 693 F.2d 1387, 1390 (Fed Cir.1982); *see also Morris Mechanical Enterprises, Inc. v. United States*, 728 F.2d 497, 498 (Fed.Cir.1984). Thus, prevailing in an administrative proceeding does not provide the essential foundation for the recovery of attorney fees and expenses under the Equal Access to Justice Act.

Moreover, it should be mentioned that this record does not contain any real evidence establishing that the mere filing by the plaintiff of his complaint in the Claims Court influenced the Navy Department in its ultimate decision to grant the plaintiff disability pay.

Under the Equal Access to Justice Act, even though a party prevails in court, he or she is not entitled to attorney fees and expenses if the court finds that the litigating position of the Government in court "was substantially justified" or that "special circumstances make an award unjust."

In this case, the United States never took a position in court relative to the merits of the plaintiff's claim. The United States did not at any time during the pendency of the litigation express opposition to the court granting the plaintiff the relief he requested in court, and, instead, cooperated with the plaintiff to the extent of obtaining stays of court proceedings so that the plaintiff might have additional time within which to pursue his administrative remedies. Under those circumstances, it would be erroneous for the court to hold that the litigating position of the United States before the court was not "substantially justified."

Conversely, it appears to the court that under the special circumstances of this case, where the United States did not take a position in court adverse to the plaintiff but, instead, evidenced a cooperative attitude toward the plaintiff by facilitating the administrative proceedings, an award of attorney fees and expenses to the plaintiff would be unjust.

## Conclusion

For the reasons previously stated, the court concludes that the plaintiff is not

entitled to an award of attorney fees and expenses under the Equal Access to Justice Act. Accordingly, the plaintiff's application is denied.

No costs.

IT IS SO ORDERED.