6 F.3d 787
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Rogers O. TYLER, Jr., Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 93-5127.
 United States Court of Appeals, Federal Circuit.
 Sept. 9, 1993.
 
 Before PLAGER and RADER, Circuit Judges, and WOODS*, District Judge.
 DECISION
 PER CURIAM.
 
 DECISION
 
 1
 Rogers O. Tyler, Jr., challenges the February 26, 1993 decision of the United States Court of Federal Claims[1] in Rogers O. Tyler, Jr. v. United States, No. 92-455C, granting judgment for the Government on its motion for summary judgment and rejecting plaintiff's claim for back pay and reinstatement in the Air Force. We affirm.
 
 DISCUSSION
 
 2
 Mr. Tyler enlisted in the Air Force in 1971 and received a commission as a reserve Second Lieutenant on November 19, 1974. Mr. Tyler was selected for Indefinite Reserve Status (IRS) pursuant to Air Force Regulation (AFR) 36-14, and signed an agreement on April 3, 1978 accepting IRS status. In the acceptance agreement, Mr. Tyler agreed to remain on active duty for an indefinite period and acknowledged that he must serve on active duty for a minimum of two years following IRS acceptance and accept all duty assignments. The agreement also stated that the personnel data system would "be updated to show a date of separation which will permit [him] to complete 20 years active service."
 
 
 3
 Mr. Tyler attained the rank of Captain, but was passed over for promotion to the rank of Major in 1985 and again in 1986. As a result of being twice passed over for promotion, he was separated from the Air Force with an honorable discharge on June 16, 1986, in accordance with AFR 36-12, entitled "Administrative Separation of Commissioned Officers."
 
 
 4
 On October 7, 1988, Mr. Tyler applied for relief to the Air Force Board for the Correction of Military Records (AFBCMR) requesting reinstatement at the rank of Major, or full retirement with the rank of Captain. On June 15, 1989, the AFBCMR denied Mr. Tyler's request for relief, finding that the language of the acceptance agreement did not preclude his separation for nonselection for promotion, and stated that acceptance of IRS does not entitle a member to continuous service if passed over for promotion twice. On July 6, 1992, Mr. Tyler filed a claim with the United States Court of Federal Claims. The parties filed cross-motions for summary judgment, and on February 26, 1993, the court entered judgment granting the Government's motion, denying Mr. Tyler's motion, and dismissing the complaint.
 
 
 5
 We review Court of Federal Claims decisions for clearly erroneous findings of fact and for errors of law. Alger v. United States, 741 F.2d 391, 393 (Fed.Cir.1984). The lower court's construction of the IRS agreement signed by Mr. Tyler is a conclusion of law.
 
 
 6
 The Court of Federal Claims determined that the agreement's promise to update personnel records is not a guarantee of continued service in any and all circumstances. Mr. Tyler argues in his appeal that he was entitled to twenty years of service as consideration for signing the IRS agreement. The lower court correctly recognized that the plain wording of the IRS agreement did not prohibit Mr. Tyler's separation before he accrued twenty years of service. Moreover, the court's analogy to enlisted persons having no constitutional or contractual right to continued service based upon an enlistment agreement is apropos. Giglio v. United States, 17 Cl.Ct. 160, 166 (1989); Maier v. Orr, 754 F.2d 973, 980 (Fed.Cir.1985).
 
 
 7
 While Mr. Tyler is correct in his contention that the IRS agreement did not refer to Air Force Regulations, Mr. Tyler was subject to AFRs, including AFR 36-12. Mr. Tyler's belief that the IRS agreement guaranteed him twenty years of service is unreasonable, and not supported by law. The Court affirms the decision of the Court of Federal Claims.
 
 
 
 *
 Honorable George E. Woods, District Judge, Eastern District of Michigan, sitting by designation
 
 
 [1]
 The United States Claims Court was redesignated as the United States Court of Federal Claims on October 29, 1992, pursuant to Title IX of the Federal Courts Administration Act of 1992, Pub.L. No. 102-572, 106 Stat. 4506 (1992). We use this latter designation in this opinion